Esteva v. UBS. Mr. Pickus? May it please the court, my name is David Pickus. I represent the Apoles, the two UBS entities. I'm going to try to simplify this a little bit. This case has probably gotten much more complicated than it really needs to be in terms of the language of the agreement. And in particular, I want to harken back to the case from the 11th Circuit here, S. Owner's Insurance, that says that just because an agreement is complicated doesn't make it ambiguous. Can I ask you to help me before you go to the merits with the question of whether we have jurisdiction? Oh, certainly, Your Honor. I apologize. That's okay. The reason I raise it is, candidly, when I looked at the case, it struck me that this was an interlocutory appeal. There was no final resolution in the bankruptcy court of the fourth count or the fourth claim raised by the plaintiff to what the unjust enrichment that set off in the amount of the claim. And she set that, the chief bankruptcy judge, set that down for a trial. That issue was open and outstanding, holding aside what you submitted late yesterday. It struck me that there was a serious and substantial question about whether we had the power to entertain it. The district court plainly had the power to hear the matter, but I'm not sure that we did. It wasn't final, and we've held very clearly that on an adversary proceeding, everything's got to be resolved. You can't resolve three of the claims and leave the fourth open or three of the counterclaims and leave the fourth open. That's still interlocutory, not final, and not appealable. We've held that, maybe wisely, maybe not, but that's the law that it seems to bind me. Tell me how we have the power to entertain this lawsuit. Okay, well, Judge Marcus, as you indicated, we have reached a stipulation with the other side. There's an assented to motion pending to dismiss that fourth count. So the issue at this point is academic. Obviously, I'm happy to answer. We have to decide jurisdiction based on when the notice of appeal was filed and not based on that? I would say, Your Honor, no, because... What would be your authority for that? Well, I don't know that there is any authority that I can cite to Your Honor offhandedly other than the rule itself, the basic rule, which says that the court entertains final orders and the issue on jurisdiction... It was either final when the notice of appeal was filed or it wasn't. And what you want effectively to say is, well, we could have made it final if we had done this earlier and now we're doing it. The only part of that I disagree with Judge Pryor is that I don't think that it has to be final at the time that you file your notice of appeal. But you don't have any authority for that? The only authority I can cite to you, Judge, is I've argued a number of appeals in my 42 years and I've seen panels who will accept stipulations... I've decided a lot of appeals in my 18 years. Well, let me tell you... A lot more than I have. Let me just tell you sort of the problem that I'm having. Yes. If you had dismissed count four voluntarily, there'd be no issue and we wouldn't be spinning our wheels on anything other than going to the heart of the claims and the merits. We've got case law out there that says pretty clearly that a subsequent final judgment will not cure a premature notice of appeal from an interlocutory order that is not immediately appealable. So just assume for a moment that that's right. That you can't breathe jurisdictional life into this court. Unfortunately, I wish you could. Simply by saying after the fact, we're dismissing. So without that, what basis is there for us to say we've got jurisdiction on this interlocutory order in the absence of a Rule 54B certification, which I think you could easily have gotten and could easily get from the bankruptcy court. How do we have jurisdiction? Well, the only thing I can say to you, Your Honor, I'll be very candid. I didn't read the cases yesterday because we had reached the agreement on this, but we did brief the issue and a lot of the case law seems to suggest that that rule is construed quite liberally in the context of interlocutory. The problem is in our jurisdiction under our current precedent, I don't think it favors your position. That's the problem. I understand what you're saying. There have been subsequent Supreme Court cases that might call into question, perhaps, our governing precedent on this. The problem is I'm not sure. Actually, I am pretty sure. They're not on all fours and our prior precedent rule says they have to be on all fours in order to abrogate our prior precedent. Well, that's why, Your Honor, we had pressed the other side to see if they wouldn't agree to drop that fourth count. So are you familiar with the doctrine of practical finality? Yes. Yes. Not in any great detail, but that's essentially the argument that we made when, at least when we were discussing this, because as I read your argument, your argument was, and it's a very practically sound argument, look, three counts were completely resolved. The fourth count on Justin Richmond had nothing to do with the first three. It was separate. She set it down for trial. This was final. There was nothing more for the district court to do on the first three. Therefore, you said you ought to be able to take on appeal, albeit it's interlocutory, but it's final as to those three. The trouble is, as Judge Rosenbaum said, is we've got case law squarely on point saying you can't do that. You did not argue the doctrine of practical finality. You can, and I'm not saying that isn't your best argument. I think it is. Do you want to tell us why the doctrine of finality doesn't give us the power to hear this on an interlocutory basis? Well, sure, Judge, and I appreciate that opportunity. In this particular case, although we do have a secondary argument based on the fraudulent transfer statute, this is all really about the customer relationship agreement and the language in it. I started to say that it's a lot simpler than might appear because there have been a lot of straw men set up here. If this court can interpret the CRA the way that we're urging and the way, frankly, that the lower court should have done if it had just applied the language of the agreement literally, then this case would be gone. But what is your argument under practical finality? I mean, what would be, why would this be, why, if we did not hear the appeal now, what renders the order as it currently exists and without considering your attempt to dismiss count four last night? What renders it a final judgment effectively for purposes of this case? In other words, is it that the money is going to get spent and so there won't be a way to address this issue at a later time? What is it that renders it? Yeah, I mean, there are two issues there, Judge. One pro and one con as far as UBS is concerned. The con is that if we have to go back to the district court or the bankruptcy court in this case and we don't get a stay, then if the, because there's been partial summary judgment as to the turnover, UBS is in a lot of trouble because I doubt we're ever going to be able to recoup that $2 million that we had loaned to Mr. Esteva. Let me read to you maybe our most recent precedent on practical finality and think about it as I read and how it might apply. Okay, please. So the doctrine of practical finality permits review of an order that decides the right to the property in contact test and directs it to be delivered up by the defendant to the complainant or directs it to be sold or directs the defendant to pay a sum, a to the complainant so long as the order must be immediately executed and as long as it subjects the losing party to irreparable harm if appellate review is delayed until conclusion of the case. If that's the test, you feel like you got that? You know, Judge, to be candid with you, the irreparable harm is always a difficult argument to make when you're talking about a money judgment, but certainly the first prong is... Well, if insolvency of the possibly paying party can create irreparable harm, do you have... That's basically our position that he's already admitted and we say this also for the fraudulent transfer purpose, he's already admitted that he's bankrupt. What more evidence can you have of insolvency than somebody who files a bankruptcy petition and we agree there's no other source from... Let me ask you the question this way. There's also... Oh, yes. I'm sorry, I didn't mean to cut you off. I just wanted to ask you, you would concede that the burden rests with you as the proponent to establish jurisdiction? Yes, Your Honor. So the burden rests with you to establish irreparable harm in the case. The problem, candidly, that I have is when I read all the pleadings in this case, there's not a shard of evidence that you submit in support of the claim of irreparable harm because you didn't argue practical finality. Now, we know in this record that Esteves has a job and he's making 175 grand a year or something like that as the chief financial officer of some company. I read that in one of these pleadings. Do I have that right? He does have a job now, yes. And didn't the record reflect that he was making $175,000 a year? I think that may have been a prior job, Your Honor. I thought that was with respect to the position that he now holds. I guess what I'm asking is the question Judge Pryor asked you a minute ago. Do you establish irreparable harm simply by saying the petitioner filed under Chapter 7 and was converted to Chapter 11 in the bankruptcy court? Is that the same thing of meeting your burden by a preponderance of the evidence to establish irreparable harm? Yes. In this particular case, it would be. I wanted to make one other argument. This is a good segue, if I may, Judge Martin. There's a public policy consideration here. One of the things we've argued on this appeal on the merits is that it's really contrary to public policy to allow somebody, in effect, to undertake a variant of a Ponzi scheme and then be able to use the bankruptcy process to get away with it. And our best salvation for that, given the present state of the record, was to take the appeal up at this point in time and to make the arguments. I suppose we didn't use the words practical finality in our jurisdictional brief, but I think in other words, we have made that argument over the course of the appeal, and it's a practical consideration that the court has to deal with. Let me ask you a practical question. Assume arguendo, and I'm not saying we would do it, but assume arguendo, we were to say you didn't meet your burden here on irreparable harm. You didn't establish practical finality, and we were therefore to say, unfortunately, we can't go to the merits. We don't have the power to hear the case. We're a court of limited to the bankruptcy court. Is there anything that stops you from going back to the bankruptcy court and doing two things as quick as I could say New York City? One, seek a 54B certification, and two, seek from the district court an order to stay the funds, which, after all, are still in the possession of UBS. You could do that as quick as walking out of the door and by your comment about my speed, but yes, your honor. What I'm really asking practically is you're not in a position where you have to really worry if we say we do not have jurisdiction, period, that you're left out in the cold and $2 million is going to be looted out of that account. Yeah, I think we win on that basis, but I'll be practical now since the word of the day is given the public policy implications here, its preparation to hear the appeal on the merits, all of those factors, does the court really want to send this back to the lower court for an inevitable? Sometimes it's frustrating being on a court of limited jurisdiction. To answer your question, I would not want to speaking for myself. I would want to go to the merits, resolve it, and move on, save everybody the time and expense, but if we are limited on our jurisdiction and we can only hear what Congress gives us the power to hear and Congress hasn't given us the power to take an interlocutory appeal from a partially decided adversary proceeding, then it's a problem and that's why I'm just looking for your help on how to cut through the problem and find a practical answer and go right to the merits. And I want to go back to the earlier question about the issue of the timing of the stipulation of dismissal. I'm perhaps not framing it technically correctly, but let's say that... I'm going to give you 30 seconds. Oh, thank you, Your Honor. I have read countless decisions and I can't cite them to you off the top of my head, but I've read countless decisions where the court has said, the Court of Appeals, at oral argument, counsel conceded this, counsel conceded that, counsel stipulated to this, counsel stipulated to that, and I would say again as a matter of policy that the court is not barred by the statute. We got it. You've saved two minutes for rebuttal. Let's hear from Mr. Daniel Foodman. Thank you, Your Honor. May it please the Court, Gary Murphy on behalf of... I'm sorry. I had the order wrong. I apologize. That's okay. And here with me is Mr. Lorenzo Esteva and my co-counsel who represents Ms. Otero is Daniel Foodman. I would like to address the jurisdictional. I think that's obviously the main issue here. When we responded to the court's initial inquiry about the jurisdictional... Do you think we have jurisdiction? Yes, and I do so because y'all referred to like well, we need to distinguish between bankruptcy finality compared to what is normal district court finality. We get that. This is appellate court finality. This isn't about what the district court can review from the bankruptcy court. We understand that that can be different. This is about when the district court's judgment can be reviewed as final by us. Yes, Your Honor, and we had cited in our jurisdictional brief, we had cited the case and it's a Supreme Court case. It's Bullard v. Blue Hills Bank, 575 U.S. 496, 2015. And in that case, the Supreme Court, the United States Supreme Court, specifically directs that the court looking at appeals from bankruptcy... The problem with Bullard is that I understand adversary proceedings are like standalone lawsuits in the bankruptcy context. The problem is you still had count four pending in this case. Yes, Your Honor. So it wouldn't be as a standalone lawsuit final as long as that claim was still pending. That's what I would like to get to the merits of that because if in bankruptcy, really the discrete determination that was fully and finally adjudicated was whether UBS had lien rights in the joint house account where it had the debtors 2.1 million dollars. That issue in the context of a bankruptcy is the single most important issue that the bankruptcy court could have decided. And not only did she decide that there was no lien and count two, she entered judgment and directed immediate turnover within 10 days of entry of the order of the funds in the account. It seems to me what you're saying is that of the four claims made, three were finally and categorically resolved and they were wholly unrelated to the fourth issue of unjust enrichment. And therefore, there's no reason on God's green earth why we shouldn't go to the three even though the fourth hasn't been resolved, right? That's your argument. There's a reason you're sitting there and I'm standing here. I could not have said that better. Okay, let me just... Wait for this part. Let me tell you the problem I'm having. Yes. We have a case that says that might be right. You don't win on it. We have a case where we say, we adopt what the fifth circuit had said. In In reward, we said we hold that given the clear mandate of the bankruptcy rule 7054, no appeal may be taken from a bankruptcy court order that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all of the parties in an adversary proceeding absent a rule 54B certification, even if the order would be considered final if it arose in another context. And I, we adopted a view taken by the fifth circuit, the sixth, the ninth, and the tenth. The seventh circuit took a different position and the seventh circuit turned around and said, let's not be too rigid here. We're living in a and practical world. Let's hear it. Unfortunately, our law is what I read to you, or at least I think it is. And I do not read Bullard at which the chief judge made reference to as undermining this holding to the point of abrogation. So it looks to me like I'm bound by it unless you can establish practical finality. Okay, but can we go back? There's, there is a substantive distinction between this adversary and the remaining claim. I brought, and I was the bankruptcy counsel, I threw the objection to claim into the adversary proceeding because it made sense to do. I did not have to. The rules in bankruptcy do not require me to file an adversary merely to object to the amount of UBS's claim. That was a matter of pure convenience and efficiency. So what I'm saying is the three counts that had to be brought in an adversary proceeding, the objection to the validity of the lien, and the turnover. I understand what you're saying, but the problem is it doesn't change the fact that it was brought all in a single adversary proceeding and we have case law that says when that happens you can't, you don't have a final judgment if not all of the claims are Yes, and I understand, I understand clearly the precedent you've been talking about, but at some point this court obviously is a court to dispense efficient justice. So doesn't the court need to at some point really bear down on, and look, if the objection to claim was filed just as a matter of convenience, it could have been filed outside of the adversary and the adversary would have been unaffected, why would the court follow? I'm not familiar with the doctrine of efficient justice as a basis for jurisdiction. Can I ask you just one question? It seems to me, and your colleague referenced it, the best argument you got is the doctrine of practical finality even though it's interlocutory in nature. But in order to establish that, he's got the burden of showing irreparable harm if appellate review is delayed until the conclusion of the case. He says he can show irreparable harm because the esteva is insolvent. Do you agree that he's shown irreparable harm here? Yes. If we proceeded with the appeal and if he lost, UBS would have to within ten days of entry, if you affirm the bankruptcy court, UBS would have to turn over the funds immediately within ten days. The problem is that under questioning from Judge Marcus, your adversary admitted that he could get a 54B certification and a stay if we dismiss this appeal for lack of jurisdiction which seemed to be maybe an unwitting but a concession that it's not irreparable. Well, your honor, once those 2.1 million dollars go from the custody of UBS into the custody of the debtor, and the debtor, even if he's making $175,000 a year, that's not going to recoup 2.1 million dollars. So to me, that would be practically infinal. But another point I would like to make is we had you down as the second and for ten minutes, but when you split your time with your adversary, was it understood that you were going to take five and he was going to take ten? Which was? He's taking ten. Okay. Okay. So well, it's okay. He's three and a half minutes over, but it means he has another minute and a half to go. Yes. And the other thing would be I'm not sure given the results of we dismissed the remaining count unjust enrichment claim, it's gone. It's not going to be resurrected. So I just asked the court to entertain what is. I mean, I understand your precedent, but what would you remand it back down to do just to get a certification that it's final when it's final because there's no longer a pending claim? At some point, logic needs to dictate where we go here because there's nothing to be done below. Even the plan's been confirmed, the case is ready to close. There's nothing else to do. The one thing that was left was this unjust enrichment, and like I think Judge Marcus mentioned, that claim is to the amount of the unsecured claim. Nothing to do with the effect of whether they got a lien right, whether they got to turn over the funds. To me, I think given the slightly looser standard of bankruptcy appeals, subject matter of jurisdiction, I think it was a whether you affirmed or reversed would not have affected in any way the unjust enrichment claim or in reverse. It's true too. No matter what the bankruptcy court did with the amount of the unjust enrichment claim, it would not affect this court's rule. Okay, Mr. Murphree. Thank you. Mr. Foodman, you've got five minutes. Your Honor, this is Daniel Foodman from Ms. Otero Villarino. Do you guys have any other questions with regard to jurisdiction? I was not the bankruptcy attorney. Mr. Murphree is the bankruptcy attorney. I brought this case originally as an arbitration and then brought this case to Mr. Murphree for purposes of bankruptcy. I can certainly address the jurisdictional argument, but for purposes of the bankruptcy proceeding, I am certainly not a bankruptcy attorney. So if you have more questions with regard to bankruptcy, I would give more time to Mr. Murphree with respect to that issue. If you'd like to go to the merits, I can answer any questions or I can certainly address my points with respect to the merits, but it doesn't sound like that's something the court is really interested in. Do you have any questions for me? Thank you. For myself, I'm acutely interested. The only problem is, as I said, I'm not sure that I have the power to do anything more than say I'm interested. Okay. Well, that's helpful. Your Honor, I think the points that have been made with respect to this issue of jurisdiction and practical finality, I think that everything that Mr. Murphree has said is accurate. There is no other... I just don't know how helpful it is to hear things like, I think that this is final in bankruptcy and more argument like that. What we really need is, you know, something more definite based on our precedent that gives us some assurance that we have jurisdiction here. Well, Your Honor, there is a dismissal that was filed in the bankruptcy court for that count four. So let me ask you a question about that. Does the bankruptcy court have the dismissal when the entire case from the entire bankruptcy adversary proceeding is on appeal? I guess we're going to now switch. Yeah, that's why... Thank you, Mr. Foodman. I think we have your case. We're going to give your last three minutes to Mr. Murphree. Thank you, Your Honor. Your Honor, apparently she did because if you look at the partial final judgment we're talking about, she did preserve to set the fourth count for trial. So I do believe she didn't have the jurisdiction because that count wasn't up on appeal. So she wasn't divested. Ordinarily, you would be divested, right? Yes, I would agree. Why wouldn't you be here? Because she decided that she had jurisdiction because she exercised it. That can't be the test. But if, you know, what is a proceeding? Okay, bankruptcy is a little bit different. There were four core proceedings. I don't know if you appreciate the distinction, but I understand bankruptcy is different and that's particularly relevant when you're talking about the bankruptcy court as an adjunct to the district court. But I don't know if you have appreciated the fact that when it comes to the review of final judgments of district courts on a pellet review to a circuit of appeals, I'm not sure how different bankruptcy really is. Well, it is in certain ways, Your Honor, because her ruling, excuse me, her ruling with respect to the secured status or lack of secured status of UBS has been incorporated into the plan of reorganization. That plan has now been confirmed. UBS is going to get a certain amount of treatment on its unsecured claim. So the reason it's different in bankruptcy, in bankruptcy, you need to get finality. I mean, you had come in, though, originally, and we're arguing about the Bullard case and we're asking us, I think correctly, to be viewing the adversary proceeding as a standalone lawsuit. The problem with that is that you had a remaining count pending that hadn't been adjudicated when the appeal was filed. So now you're saying, well, you just need to look at the whole bankruptcy case and confirmation of the plan. That's looking at it in a totally different perspective than what you started with this morning, which is the notion that the is a standalone lawsuit, which I agree with you. That's what the Supreme Court precedent says. Yes, and I would go back to this, though, that the, you know, in form and substance, I literally, we could have filed count for the unjust enrichment count as a standalone objection to claim in the context of the main bankruptcy, in the main bankruptcy case. Yeah, but you didn't. Yeah, but the result of this, should you remand it back, the result is basic. It will, in a way, it will have a very negative impact on my client because I was trying to be efficient with the uses of the bankruptcy court's time. So if your result turns out that you have to file a precedent, even to the extent you may result in damages to the party, just because it's trying to be efficient, seems to be perhaps you might need to consider your precedent, because it doesn't do any good to harm my client for me being. We're bound by whatever our precedent is. We're just three of us, okay? We don't get to reconsider our precedent. We don't have that power, a panel of three of us. Is there a procedure where you could? Yeah, there's something called rehearing en banc. Maybe you're, well, you can think about that. That's a different matter. Yes. I don't know, Mr. Murphy, that you've really got anything else that we need. Yeah, no, I think that's about it. Thank you. Thank you. Mr. Pickus, you got two minutes. Thank you, Your Honor. I think I would be stretching the definition of rebuttal here because I'm in full agreement with what opposing counsel said, but I would like to, with the court's permission, make an additional point. About jurisdiction? About jurisdiction, yes. And that is that one of the reasons that I perceive behind the more lax requirement of finality in bankruptcy is because a bankruptcy case goes far beyond the adversary proceeding, and it affects a universe of creditors. It affects the docket of the court. It has a much broader impact, and that's why I would respectfully submit that in Bullard and some of the other cases, the court has much more leeway to deal with a bankruptcy proceeding than anything else. And I think that's an important point. Otherwise, I would just reinforce again what I've said. I don't see anything in the rules or the statute that would prohibit counsel from making a stipulation to withdraw a count and therefore, as a practical matter, make the order final, if not as a legal matter. So I thank you very much for your indulgence. Thank you. Any other questions? Otherwise, I'll conclude. Thank you, Mr. Pickus. Thank you, Your Honor. Case, and we're going to move to the second case.